NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 22 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SERGUEY HERNANDEZ DELGADO, | No. 20-72178 |
| Petitioner, | Agency No. A203-700-501 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 27, 2022
Submission Withdrawn July 28, 2022
Resubmitted May 18, 2023
San Francisco, California

Before: GRABER and OWENS, Circuit Judges, and BAKER,[**] International
Trade Judge.
Dissent by Judge BAKER.

Serguey Hernandez Delgado, a native and citizen of Cuba, petitions for

review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable M. Miller Baker, Judge for the United States Court of
International Trade, sitting by designation.

an immigration judge's ("IJ") denial of asylum.  We have jurisdiction under 8 U.S.C. § 1252.  Because the BIA adopted and affirmed the decision of the IJ with respect to all issues raised by Petitioner in his petition for review, we review the IJ's decision directly.  Abebe v. Gonzales, 432 F.3d 1037, 1039 (9th Cir. 2005) (en banc).  We grant the petition in part, deny the petition in part, and remand.

1.  Reviewing de novo, Simeonov v. Ashcroft, 371 F.3d 532, 535 (9th Cir. 2004), we conclude that the IJ did not violate Petitioner's due process rights.  Petitioner cannot show that any of the challenged conduct caused "error and substantial prejudice."  Lata v. INS, 204 F.3d 1241, 1246 (9th Cir. 2000).

First, the IJ at Petitioner's master calendar hearing adequately advised him of the requirement to submit English translations of corroborating evidence and gave him sufficient time to submit such evidence.  Second, any delay in transmitting evidence to the presiding IJ was not prejudicial because the IJ paused the hearing to review the late-arriving evidence.  Third, Petitioner was not prejudiced by the fact that the proceedings were conducted via video conference.  "The INA expressly authorizes hearings by video conference, even without an alien's consent," Vilchez v. Holder, 682 F.3d 1195, 1199 (9th Cir. 2012), and Petitioner "fail[s] to establish that the outcome of his hearing may have been affected by the fact that his hearing was conducted by video conference," id. at 1200 (citation and internal quotation marks omitted).  Finally, the IJ did not

2

express frustration in a manner that indicated prejudice against Petitioner or prevented the introduction of evidence. Cf. Colmenar v. INS, 210 F.3d 967, 971–73 (9th Cir. 2000) (concluding that a due process violation occurred when the IJ pre-judged the petitioner's claim and did not provide the petitioner with a reasonable opportunity to present evidence on his behalf).

2. Reviewing for substantial evidence, Sharma v. Garland, 9 F.4th 1052, 1060 (9th Cir. 2021), we hold that the record compels the conclusion that Petitioner established past persecution.[1] "To demonstrate past persecution, [Petitioner] must establish that (1) [his] 'treatment rises to the level of persecution;' (2) 'the persecution was committed by the government, or by forces that the government was unable or unwilling to control' and (3) 'the persecution was on account of one or more protected grounds,' such as political opinion." Kaur v. Wilkinson, 986 F.3d 1216, 1221 (9th Cir. 2021) (quoting Bringas-Rodriguez v. Sessions, 850 F.3d 1051, 1062 (9th Cir. 2017) (en banc)).

Here, the record compels the conclusion that Petitioner meets that standard. The second and third prongs of the test plainly are met. The mistreatment that Petitioner experienced was at the hands of the government, and the actions

---

[1] Because the harm that Petitioner suffered rises to the level of persecution under the more deferential substantial evidence standard of review, "we need not address whether de novo review should apply." Singh v. Garland, 57 F.4th 643, 652 (9th Cir. 2022) (brackets omitted) (citation and internal quotation marks omitted).

occurred on account of Petitioner's political opinion. The contested issue is whether the harm rose to the level of persecution.

To determine whether the facts compel a conclusion of past persecution is a "fact-bound endeavor." Sharma, 9 F.4th at 1061. "Persecution is an extreme concept that means something considerably more than discrimination or harassment." Donchev v. Mukasey, 553 F.3d 1206, 1213 (9th Cir. 2009) (citation and internal quotation marks omitted). We consider numerous factors, Sharma, 9 F.4th at 1061, including "physical violence and resulting serious injuries, frequency of harm, specific threats combined with confrontation, length and quality of detention, harm to family and close friends, economic deprivation, and general societal turmoil," id. at 1063.

Petitioner described several instances in which he was struck with batons or had his arms twisted roughly behind him while being handcuffed, and he suffered a total of seven detentions, each lasting between 24 and 72 hours. After one of those incidents, Petitioner sought medical attention, and a doctor prescribed an anti-inflammatory drug for pain and instructed Petitioner to ice his injured shoulder and rest. During those encounters, the police repeatedly told Petitioner that he should change his political views to avoid further issues. After Petitioner joined a new political party in 2017, he suffered more frequent mistreatment until he departed the country in February 2018.

The IJ could reasonably conclude that, on its own, none of those incidents rose to the level of persecution. See, e.g., id., at 1063–64 (holding that the record did not compel a finding of past persecution when petitioner was detained for 18 to 19 hours and was beaten and slapped but did not suffer serious bodily harm or require medical attention). But we cannot simply view each incident in isolation: "an applicant may suffer persecution because of the cumulative effect of several incidents, even if no single incident rises to the level of persecution." Flores Molina v. Garland, 37 F.4th 626, 636 (9th Cir. 2022) (brackets omitted) (citation and internal quotation marks omitted). "[T]he key question is whether, looking at the cumulative effect of all the incidents that a Petitioner has suffered, the treatment he received rises to the level of persecution." Sharma, 9 F.4th at 1061 (emphasis added) (quoting Gormley v. Ashcroft, 364 F.3d 1172, 1176–77 (9th Cir. 2004)) (internal quotation marks omitted).

Here, Petitioner was incarcerated on seven occasions for a total of sixteen days, during which he was beaten several times, once to the point of requiring medical attention. The cumulative effect of those incidents compels a finding of past persecution. See, e.g., Salaam v. INS, 229 F.3d 1234, 1236, 1240 (9th Cir. 2000) (per curiam) (finding past persecution when petitioner was subjected to four arrests, held for several days each time, "tortured by flogging," and received scars from the beatings); Guo v. Sessions, 897 F.3d 1208, 1215, 1217 (9th Cir. 2018)

5

(holding that the evidence compelled a finding of past persecution when the petitioner was held for two days, beaten, sought medical attention but had no permanent injuries, and was required to disavow his faith in writing as a condition of release); Guo v. Ashcroft, 361 F.3d 1194, 1202–04 (9th Cir. 2004) (holding that the evidence compelled a finding of past persecution when petitioner was detained for a day and a half, punched, and kicked in the stomach, and then subsequently beaten and detained for fifteen days).

The fact that Petitioner did not suffer more serious harm at the hands of his persecutors does not change our conclusion. See Mihalev v. Ashcroft, 388 F.3d 722, 729–30 (9th Cir. 2004) (concluding that the record compelled a finding of past persecution when the petitioner was detained for ten days and subjected to daily beatings but did not suffer any significant injuries). "[W]e do not require severe injuries to meet the serious-harm prong of the past-persecution analysis." Singh, 57 F.4th at 654. "The fact that Petitioner suffered no serious bodily injury and required no medical attention makes the question closer. But it would be a strange rule if the absence or presence of a broken arm were the dispositive fact." Mihalev, 388 F.3d at 730.

Because the record compels a finding of past persecution, Petitioner is entitled to a rebuttable presumption of a well-founded fear of future persecution on remand. 8 C.F.R. § 1208.13(b)(1).

**Petition DENIED in part, GRANTED in part, and REMANDED. Each party shall bear its own costs on appeal.**

FILED

MAY 22 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BAKER, Judge, dissenting:

I agree that the main issue is whether Petitioner's past harm rose to the level of persecution, Mem. at 4, and I also agree that deciding "whether the facts compel a conclusion of past persecution is a 'fact-bound endeavor,' " *id.* (quoting *Sharma v. Garland*, 9 F.4th 1052, 1061 (9th Cir. 2021)). The standard of review is crucial: "[W]e may grant a petition only if the petitioner shows that the evidence *compels* the conclusion that the BIA's decision was incorrect." *Id.* at 1060 (cleaned up and emphasis in original). The word "compels" is the key. While a reasonable factfinder *could* find that Petitioner suffered past persecution, or that he demonstrated a reasonable fear of future persecution, I do not believe the record *compels* such a finding.

1. My colleagues explain that "Petitioner described several instances in which he was struck with batons or had his arms twisted roughly behind him while being handcuffed, and he suffered a total of seven detentions, each lasting between 24 and 72 hours." Mem. at 4. One of those instances resulted in a mild shoulder injury for which he obtained medical treatment. *Id.* at 5. The majority concludes that "[t]he cumulative effect of those incidents compels a finding of past persecution." *Id.* at 6. But comparable abuse in other cases was *not* enough to compel a finding of past persecution. *See, e.g.*, *Prasad v. INS*, 47 F.3d 336, 339 (9th Cir. 1995) (finding that being hit in the stomach and kicked from behind while being detained in a jail cell did not compel a persecution finding); *Sharma*, 9 F.4th at 1063–64 (finding same as

to petitioner who was hit with a baton, detained for 18–19 hours with physical abuse that did not result in serious bodily harm, and threatened with "big trouble").

In contrast, *Sharma* noted that we have often found that a record compelled a finding of persecution when a petitioner experienced *serious* physical violence. 9 F.4th at 1061 (citing *Lopez v. Ashcroft*, 366 F.3d 799, 802–03 (9th Cir. 2004) (locked in a burning warehouse), *Chanchavac v. INS*, 207 F.3d 584, 589 (9th Cir. 2000) (beaten so severely as to leave him bedridden), and *Salaam v. INS*, 229 F.3d 1234, 1236 (9th Cir. 2000) (per curiam) (flogged to the point he bore scars)). We have found persecution in cases involving "sadistic and degrading treatment" by government agents. *Prasad v. INS*, 101 F.3d 614, 617 (9th Cir. 1996) (multiple beatings, being urinated on by military interrogators, and being forced to lick spit off the floor). While severe injuries are not necessary, Mem. at 7 (citing *Singh v. Garland*, 57 F.4th 643, 654 (9th Cir. 2022)), I read our precedents as requiring more than being roughed up by the police and suffering minor shoulder swelling.

2. A petitioner who fails to produce evidence compelling a finding of past persecution is not entitled to a rebuttable presumption that his future fear is reasonable. *See Sharma*, 9 F.4th at 1065. He may still establish such a reasonable fear if he can show that his fear of persecution is both subjectively genuine and objectively reasonable. *See Al-Harbi v. INS*, 242 F.3d 882, 888 (9th Cir. 2001). The objective prong requires a showing of at least a ten-percent chance of persecution on account

2

of one or more protected grounds (here, political opinion) committed by the government (here, the Cuban police) or actors the government is unable or unwilling to control. *Wakkary v. Holder*, 558 F.3d 1049, 1052, 1061 (9th Cir. 2009). Again, the standard is whether the evidence compels a finding contrary to the agency's.

There is no doubt Petitioner here might suffer the same sort of treatment he suffered in the past, but because I believe the record does not compel a conclusion that the past treatment constituted persecution, I also do not believe it compels a conclusion that he has an objectively reasonable fear of future persecution. There is no evidence in the record compelling a conclusion that things would get worse for him. The IJ emphasized (1) that the police made threats but failed to carry them out, (2) that there is no indication that Petitioner's family in Cuba has suffered any harm or that anyone interfered with his ability to operate his business, and (3) that the police never arrested Petitioner when they questioned him on the street about his distribution of an anti-government newspaper. In sum, the IJ concluded that "[t]here is nothing in the record to show a pattern or practice of persecution against respondent or an attempt on the part of the government to persecute him in the future." On this record, that conclusion was reasonable, which in turn means the record does not compel a contrary finding.

I therefore respectfully dissent.